**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CAE N. AGUILERA #525149,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:20-cv-00417** |
| | ) | |
| **CCA, et al.,** | ) | **JUDGE CAMPBELL** |
| | ) | |
| **Defendants** | ) | |

**MEMORANDUM AND ORDER**

Cae Aguilera, a state prisoner housed in the Trousdale Turner Correctional Center in Hartsville, Tennessee, filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1), and has now filed an application to proceed *in forma pauperis*, along with an institutional trust account statement. (Doc. No. 4.) The case is before the Court for a ruling on the IFP application and for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## I.     APPLICATION TO PROCEED AS A PAUPER

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because it appears from Plaintiff's submissions that he lacks sufficient financial resources from which to pay the full filing fee in advance, his application (Doc. No. 4) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff must still pay the $350.00 civil filing fee in installments. The administrator of the facility in which Plaintiff is currently incarcerated, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as

an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the Warden of the Trousdale Turner Correctional Center to ensure payment of the filing fee. If Plaintiff is transferred from his present place of confinement before the fee is paid in full, the custodian must ensure that a copy of this Order follows him to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

## II. INITIAL REVIEW OF THE COMPLAINT

### A. Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to conduct an initial review of any complaint filed in forma pauperis, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A pro se pleading must be liberally construed and

2

"held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff sues under 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). To state a Section 1983 claim, a plaintiff must allege: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

**B.    Factual Allegations**

Plaintiff alleges that on February 21, 2019,[1] he was charged with a disciplinary infraction for allegedly refusing to participate in a program to which he was assigned. (Doc. No. 1 at 1.) Although the disciplinary board ultimately found him not guilty of the disciplinary offense, the program officials still dismissed him from the program. (*Id.*) Plaintiff alleges that program policy requires due process before termination, but he was dismissed without proof of a violation or proper paperwork. (*Id.* at 1–2.) He was barred from restarting the program for six months. (*Id.* at 2.)

Plaintiff alleges that he was discriminated against by being treated differently than other prisoners for no rational reason, and that his due process rights were violated, in part because completion of the program is a condition of his being considered for parole. (*Id.*) He asks the

---

[1] Plaintiff's complaint and the documents attached to it make it unclear whether the events he describes took place in February 2019 or February 2020. (*Compare, e.g.* Doc. No. 1 at 1 *with* Doc. Nos. 1-1, 1-2 *and* 1-3 at 2.) Because the Court can dispose of this case regardless of its timeliness or potential mootness, it is unnecessary to address this discrepancy in the timeline.

Court to force the Defendant officials to allow him to resume participation in the program or ship him to another facility where he can participate. (Doc. No. 1 at 3.)

**C.      Analysis**

Inmates do not have a constitutionally protected liberty interest in prison vocational, rehabilitation, or educational programs based on the Fourteenth Amendment. *See, e.g., Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (Due Process Clause not implicated by prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss").  Inmates in Tennessee also have no right to parole under the constitution or mandatory state law. *Seagroves v. Tennessee Bd. of Prob. & Parole*, 86 F. App'x 45, 48 (6th Cir. 2003).  Accordingly, Plaintiff has no constitutional right to participate in the program from which he was excluded, even though participation is required for his release on parole. *Saunders v. Williams*, 89 F. App'x 923, 924 (6th Cir. 2003) ("Since Saunders has neither a constitutional or inherent right to parole nor a protected liberty interest created by mandatory state parole laws, he cannot maintain a § 1983 claim based upon the alleged denial of placement in a sex offender treatment program for parole eligibility purposes.").  Plaintiff's expulsion from the program, therefore, did not trigger any right to due process.

Plaintiff alleges that prison policy required more process than he received, but "[f]ailure to comply with jail policy is not a per se constitutional violation." *Smith v. Erie Cty. Sheriff's Dep't*, 603 F. App'x 414, 421 (6th Cir. 2015) (citing *Meier v. County of Presque Isle*, 376 F. App'x. 524, 529 (6th Cir. 2010)); *Matheson v. Gentry*, No. 2:05-CV-70, 2005 WL 1458058, at *2 (E.D. Tenn. June 20, 2005) ("Nor does it violate the plaintiff's constitutional rights when a jail fails to follow its own policies.")

And finally, because Plaintiff was not deprived of a fundamental right and does not allege

4

that he was excluded from the program on the basis of his membership in a suspect class, he could only state a claim for violation of his right to equal protection by alleging facts demonstrating that there was no rational basis for his exclusion when similarly situated inmates were allowed to participate. *See Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir.1997) (explaining that regulations that do not disparately impact a suspect class or implicate a fundamental right are permissible "if they are rationally related to a legitimate government interest"); *Bishawi v. Ne. Ohio Corr. Ctr.*, 628 F. App'x 339, 344 (6th Cir. 2014) ("The equal-protection component of the Fifth Amendment protects against invidious discrimination among similarly-situated individuals or implicating fundamental rights."). "Conclusory equal protection claims, without specific factual allegations, are inadequate to state a civil rights claim." *Bishawi*, 628 F. App'x at 345 (citing *Harden–Bey v. Rutter*, 524 F.3d 789, 796 (6th Cir. 2008)).

Plaintiff's single, conclusory sentence alleging discrimination does not satisfy that standard. He does not identify any similarly-situated inmate who was charged with (but acquitted of) a disciplinary offense and was allowed to remain in the program. Accordingly, he has not alleged that he was treated differently than anyone else in his situation. Moreover, in a document attached to his complaint, Plaintiff expressed concern to prison officials that he was being "discriminated against" because of his previous expulsion from the program "due to having been caught with a knife." (Doc. No. 1-3 at 1.) Even assuming that to be true, it would not be irrational for prison officials to allow less leeway to an inmate with a previous history of failure in the program.

### III. CONCLUSION

For the reasons explained above, Plaintiff's complaint is **DISMISSED** for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B). This is the final Order denying all relief in this case. Accordingly, the Clerk is **DIRECTED** to enter judgment. *See* Fed.

R. Civ. P. 58(b).

Any appeal of this Order would not be in good faith for the purpose of 28 U.S.C. § 1915(a)(3).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE